**Scott Leonard, OSB No. 074761**
**Law Office of Scott Leonard, LLC**
**4511 SE 63rd Ave., Suite F**
**Portland, OR 97206**
**Tel: 503.222.0722**
**scott@scottleonardlaw.com**
**Attorney for Defendant Cristhian Martinez**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>**v.**<br>**CRISTHIAN MARTINEZ,**<br>**Defendant.** | **Case No. 3:23-CR-00401-SI-01**<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant Cristhian Martinez respectfully submits this Sentencing Memorandum. Based on the nature and circumstances of the offense and the history and characteristics of Mr. Martinez, a sentence of 168 months is sufficient to serve all statutory goals of sentencing.

A district court is to impose a sentence that is "sufficient, but not greater than necessary," to achieve the purposes of sentencing. 18 U.S.C. §3553(a). Sentencing proceedings should begin by calculating the applicable Guidelines range. "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[T]he Guidelines… now serve as one factor among several courts must consider in determining an appropriate sentence." *Kimbrough v. United States*, 552 U.S. 87, 90 (2007). The Sentencing Guideline ranges are neither mandatory nor to be presumed reasonable. "The Guidelines are not

only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009) (emphasis in original).

All § 3553(a) factors must be considered. "Section 3553(a) lists seven factors that a sentencing court must consider." *Gall*, at 73 n 6. A sentencing court is "required by 18 U.S.C. § 3553(a) to consider factors such as 'the nature and circumstances of the offense' and 'the history and characteristics of the defendant.' Not to do so… constitute[s] reversible error." *U.S. v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009). "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall,* at 49-50. While the Guidelines can establish a reasonable sentence, ultimately 18 U.S.C. §3553(a) is the guiding authority for sentence determinations.

For the reasons set forth in this memorandum, in Defendant's Confidential Supplement to the PSR, and in the PSR, Mr. Martinez joins with the Probation Office to recommend a sentence of 168 months imprisonment followed by five years on supervised release with conditions. Such a sentence is legally sufficient to serve all statutory goals of sentencing.

Respectfully submitted October 28, 2026.

Scott Leonard, OSB No. 074761
Attorney for Defendant